UNITED STATES DISTRICT COURT DISTRICT
OF NORTH DAKOTA WESTERN DIVISION

Civil No: 1:17-cv-00209-DLH-CSM

MARK and MARIBETH JOHNSRUD, )
)
      Plaintiffs, )
)
vs. )
)
BURLINGTON RESOURCES OIL AND )
GAS CO., LP, )
)
      Defendant. )

## STIPULATED PROTECTIVE ORDER

Upon stipulation of the parties for an order pursuant to Fed. R.Civ. P. 26(c) that confidential information be disclosed only in designated ways:

    1.    As used in the Protective Order, these terms have the following meanings:

    a.    "Attorneys" means counsel of record;

    b.    "Confidential" documents are documents designated pursuant to paragraph 2;

    c.    "Documents" are all materials within the scope of Fed. R. Civ. P. 34;

    d.    "Outside Vendors" means messenger, copy, coding, and other clerical-services vendors not employed by a party or its Attorneys; and

    2.    A Party may designate a document "Confidential", to protect information within the scope of Fed. R. Civ. P. 26(c).

1

3. All Confidential documents, along with the information contained in the documents, shall be used solely for the purpose of this action, and no person receiving such documents shall, directly or indirectly, use, transfer, disclose, or communicate in any way the documents or their contents to any person other than those specified in paragraph 4. Any other use is prohibited.

4. Access to any Confidential document shall be limited to:

(a) the Court and its staff;

(b) Attorneys, their law firms, and their Outside Vendors;

(c) persons shown on the face of the document to have authored or received it;

(d) court reporters retained to transcribe testimony;

(e) the parties;

(f) outside independent persons (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained by a party or its Attorneys to provide assistance as mock jurors or focus group members or the like, or to furnish technical or expert services, and/or to give testimony in this action.

5. Each person appropriately designated pursuant to paragraphs 4(f) to receive Confidential information shall execute an exact copy of the document entitled "DECLARATION OF INTENT TO COMPLY WITH AGREED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION" which is attached and marked as Exhibit A. The parties shall retain copies of the originals of these agreements and shall deliver copies to the opposing counsel upon the completion of the litigation.

6. All depositions or portions of depositions taken in this action that contain confidential information may be designated "Confidential" and thereby obtain the protections accorded other "Confidential" documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 14 days of receipt of the transcript. Unless otherwise agreed, depositions shall be treated as "Confidential" during the 14-day period following receipt of the transcript. The deposition of any witness (or any portion of such deposition) that encompasses Confidential information shall be taken only in the presence of persons who are qualified to have access to such information.

7. Any party who inadvertently fails to identify documents as "Confidential" shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately-designated documents. Any party receiving such improperly-designated documents shall retrieve such documents from persons not entitled to receive those documents and, upon receipt of the substitute documents, shall return or destroy the improperly-designated documents.

8. If a party wishes to file a document containing another party's Confidential information with the Court, it shall provide 3 days' notice to the other party. The parties shall meet and confer regarding whether such information can be publicly filed and whether any concerns could be remedied by redacting Confidential information. If the parties do not agree, the party that opposes the public filing must file a motion to seal with the Court. In the case of an impending deadline, the party wishing to file the Confidential information shall file a redacted version of the information until the Court rules on the opposing party's motion to seal. Upon

ruling by the Court, the party wishing to file the information shall re-file in accordance with the Court's order.

9. Any party may request a change in the designation of any information designated "Confidential". If a party contends that any material is not entitled to Confidential treatment, such party may at any time give written notice to the party or non-party who designated the material. The party or non-party who designated the material shall have twenty-one (21) days from the receipt of such written notice to apply to the Court for an order designating the material as Confidential. The party or non-party seeking the order has the burden of establishing that the document is entitled to protection.

10. If a party inadvertently discloses documents that contain privileged information, or information otherwise immune from discovery, that party shall, promptly upon discovery of such inadvertent disclosure, so advise the receiving party and request that the documents be returned. The receiving party shall return such inadvertently produced documents, including all copies, within 14 days of receiving such a written request. The party returning such inadvertently produced documents may thereafter seek re-production of any such documents pursuant to applicable law. Further, if a party receives documents it reasonably believes to be privileged, it will notify the opposing party in writing within 5 days to determine whether a claim of privilege will be asserted.

11. Within 60 days of the termination of this action, including any appeals, each party shall either destroy or return to the opposing party all documents designated by the opposing party as "Confidential", and all copies of such documents, and shall destroy all extracts and/or data taken from such documents. Each party shall provide a certification as to such return or

destruction within the 60-day period. However, Attorneys shall be entitled to retain a set of all documents filed with the Court and all correspondence generated in connection with the action, including any documents filed with the Court under seal.

12. Any party may apply to the Court for a modification of the Protective Order, and nothing in this Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

13. No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

14. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as "Confidential" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

15. The terms of this Protective Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial.

16. The obligations imposed by the Protective Order shall survive the termination of this action.

STIPULATED TO: February 22, 2018

/s/ Kyra Hill
Derrick Braaten (ND 06394)
Kyra Hill (ND 08443)
BRAATEN LAW FIRM
109 N. 4th St., Suite 100
Bismarck, ND 58501
Tel: (701) 221-2911
Fax: (701) 221-5842
Email: derrick@braatenlawfirm.com
kyra@braatenlawfirm.com

Attorneys for Plaintiff

/s/ Jennifer S. Allen
Jonathon D. Bergman (ND 07745)
Jennifer S. Allen
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, CO 80202
Tel: (303) 892-9400
Fax: (303) 893-1379
Email: jon.bergman@dgslaw.com
jennifer.allen@dgslaw.com

Attorneys for Defendant

SO ORDERED this 23rd day of February, 2018.

~~Daniel L. Hovland~~ Charles S. Miller, Jr.
~~United States District Judge~~ Magistrate Judge

6

# EXHIBIT A

## DECLARATION OF INTENT TO COMPLY WITH AGREED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

Acknowledgment and Non-Disclosure Agreement

I, _____, hereby acknowledge that I have received a copy of the Protective Order entered in this action, that I agree to be bound by its terms, that I will comply with the terms of the Protective Order in handling or using any confidential documents or other materials subject to the Protective Order, that I will not disclose any confidential documents or materials to any unauthorized person or entity, and that I will destroy or return all confidential documents, any copies of such documents, and any extracts and/or data taken therefrom within 60 days of termination of the action, including any appeals. I further acknowledge that I will be subject to the jurisdiction of the U.S. District Court for the District of North Dakota for the purpose of enforcing the Protective Order.

Dated this ____ day of _____ 2018.

_____

(Print Name)_____

(Address)_____

_____

_____